IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–01179–RM–KMT

ANTHONY G. PIKE,

    Plaintiff,

v.

MATT LEWIS,
CORRECT CARE SOLUTIONS,
KURT HOLMES,
LORI MCLAUGHLIN,

    Defendants.

## ORDER TO SHOW CAUSE

This matter is before the court *sua sponte* on Plaintiff's failure to serve Defendant Correct Care Solutions. Federal Rule of Civil Procedure 4(m) provides that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff, a *pro se* inmate, commenced this lawsuit on April 27, 2020. (Doc. No. 1.) On July 31, 2020, Plaintiff filed his Amended Prisoner Complaint. (Doc. No. 10.) To date, service has not been effectuated upon Defendant Correct Care Solutions. It is now past the ninety-day deadline for service.

Plaintiff was granted to leave to proceed *in forma pauperis*, which entitles him to rely on the United States Marshals Service to carry out service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). The United States Marshal Service has made several unsuccessful attempts to serve Defendant Correct Care Solutions at addresses provided by Plaintiff. (*See* Doc. Nos. 19, 38.)

Importantly, the prosecution of this lawsuit, including service on the defendants, is ultimately Plaintiff's responsibility. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("It is the Plaintiff's responsibility to provide the United States Marshal with the address of the person to be served[.]"); *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (unpublished) ("[T]he Marshals service is not responsible for lack of service where a plaintiff does not provide correct information required for service."). Although Plaintiff is a *pro se* inmate, proceeding *in forma pauperis*, he is still required to comply with the same rules of procedure governing other litigants, including Rule 4. *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993); *see Dawson v. Rios*, No. CIV-17-1311-G, 2019 WL 4773820, at *2 (W.D. Okla. Sept. 30, 2019) ("Plaintiff's *pro se*, inmate status alone does not provide good cause to extend the ninety-day service deadline."). Therefore, Plaintiff's failure to effectuate proper service upon Defendant Correct Care Solutions within the time limits prescribed by Rule 4(m) is grounds for that defendant's dismissal from this case, in the absence of justification for the failure. *See Jones v. Frank*, 973 F.2d 872, 873-74 (10th Cir. 1992).

Accordingly, it is

**ORDERED** that, on or before **November 23, 2020**, Plaintiff shall show cause, in writing, as to why his claims against Defendant Correct Care Solutions should not be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), for lack of service. If the response

is not timely filed, or if Plaintiff fails to show good cause for his failure to serve that defendant, the court will recommend the dismissal of Defendant Correct Care Solutions from this action without further notice.

Dated this 2nd day of November, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge