IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-01179-CNS-MDB

ANTHONY G. PIKE,

    Plaintiff,

v.

CORRECT CARE SOLUTIONS a/k/a Wellpath,
LORI MCLAUGHLIN,
KURT HOLMES, and
MATT LEWIS,

    Defendants.

# ORDER

Before the Court are Objections from (1) Plaintiff and (2) Defendants Correct Care Solutions, LLC, Lori McLaughlin; and Kurt Holmes, M.D. (CCS Defendants) regarding United States Magistrate Judge Dominguez Braswell's Report and Recommendation (ECF No. 203) on Defendants' two motions to dismiss and Plaintiff's motion to explain. (ECF Nos. 160, 161, 186). Magistrate Judge Dominguez Braswell recommended that Plaintiff's motion to explain (ECF No. 186) be denied, that Defendant Lewis's motion to dismiss (ECF No. 160) be granted, and that the CCS Defendants' motion to dismiss be granted in part and denied in part (ECF No. 161). As set forth below, the Court SUSTAINS Plaintiff's Objection, OVERRULES the CCS Defendants' Objection, REJECTS the Recommendation, GRANTS Plaintiff's motion to explain, and DENIES AS MOOT Defendants' motions to dismiss.

1

## I.  BACKGROUND

The Court incorporates the facts as set forth in the Magistrate Judge's Recommendation. (ECF No. 203, pp. 3-9).  Plaintiff, pro se, filed his initial Complaint on April 27, 2020, and moved for the appointment of counsel, which United States Magistrate Judge Tafoya denied on October 8, 2020.  (ECF Nos. 1, 31).  On August 25, 2021, Magistrate Judge Tafoya ordered a stay of discovery until after a review of Defendants' answers or responsive pleadings.  (ECF No. 157). That same day, Plaintiff filed an Amended Complaint alleging that, as a pre-trial detainee at the Mesa County Detention Facility (MDF), he had not received adequate medical care for severe hip pain and did not receive three medications needed to treat HIV from May 16, 2018, to November 8, 2018.  (ECF No. 158, pp. 9-20).

Specifically, Plaintiff alleged that he was taking his HIV medications prior to being incarcerated and entered MDF with a T-cell count above 500 and an undetectable viral load.  (*Id.*, p. 18).  After three months without his three medications, his T-cell count had dropped to 283 and had a detectable viral load.[1]  (*Id.*).  After five months, he started exhibiting sores on his body and became ill due to his compromised immune system.  (*Id.*).  Separately, Plaintiff alleged that he was scheduled to see an orthopedic surgeon regarding his hip pain, but that Defendant Holmes later retracted the referral after "he spoke to the insurance company."  (*Id.*, p. 19).  Plaintiff also alleged that he could not receive an unspecified hip surgery because his T-cell count had become too low due to his inability to access his prescription medications.  (*Id.*, p. 18).  Plaintiff did not

---

[1] Per the Centers for Disease Control and Prevention, an undetectable viral load is defined as having less than 200 copies of HIV per milliliter of blood.  *See* CDC, DIVISION OF HIV PREVENTION (2022), https://www.cdc.gov/hiv/risk/art/index.html.

specifically allege that Defendants violated his Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983 or raise any type of legal claim.

On January 6, 2022, Plaintiff filed a Motion for a Third Amended Complaint (ECF No. 182), which Magistrate Judge Tafoya denied without prejudice because Plaintiff had failed to explain why he should be allowed to amend six months after the deadline to amend pleadings (May 13, 2021) had passed. (ECF No. 184).[2] On February 17, 2022, Plaintiff filed a Motion to Explain Reasons for [Third] Amended Complaint. (ECF No. 186). Magistrate Judge Dominguez Braswell interpreted the motion to explain as a motion to amend, and took it under consideration along with Defendant Lewis's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to F.R.C.P 12(b)(6) (ECF No. 160) and the CCS Defendants' Motion to Dismiss Plaintiff's Amended Prisoner Complaint (ECF No. 161).

Defendant Lewis moved to dismiss Plaintiff's Second Amended Complaint, arguing that: (1) Plaintiff failed to allege facts to establish a prima facie case for deliberate indifference in violation of his constitutional rights, personal involvement by Defendant Lewis, or municipal liability under 42 U.S.C. § 1983; (2) Defendant Lewis was entitled to immunity under the Eleventh Amendment; and (3) the Court lacked jurisdiction over Defendant Lewis for claims under 42 U.S.C. § 1983 due to improper designation. (ECF No. 160). The CCS Defendants moved to dismiss the Second Amended Complaint, arguing that (1) Plaintiff failed to allege any facts that establish a claim under 42 U.S.C. § 1983 for deliberate indifference; (2) Plaintiff failed to allege any facts that state a claim for municipal liability against CCS; and (3) Plaintiff failed to allege

---

[2]Magistrate Judge Tafoya retired in January 2022 and the case was reassigned on February 1, 2022, to Magistrate Judge Hegarty. (ECF No. 185). On July 7, 2022, the case was reassigned to Magistrate Judge Dominguez Braswell upon her appointment. (ECF No. 194).

facts that establish a medical negligence claim against Defendant Holmes and, therefore, CCS cannot be vicariously liable. (ECF No. 161).

Ultimately, the Magistrate Judge found that Plaintiff's explanation for the delay in moving to amend was reasonable[3] and that the Defendants would not be prejudiced by the proposed amendments because discovery had been stayed; however, the Magistrate Judge found that the motion to explain was ultimately futile and denied it. (ECF No. 203, pp. 19-22, 50). In particular, the Recommendation interpreted Plaintiff's Proposed Third Amended Complaint as raising three specific claims: (1) a deliberate indifference claim against Defendant Lewis in his individual capacity, (2) a deliberate indifference claim against Defendant Lewis in his official capacity, and (3) a municipal liability claim against Defendant CCS.[4] (*Id.*, p. 22). The Magistrate Judge recommended that:

1. Plaintiff's motion to explain be denied;

2. Defendant Lewis's motion to dismiss be (1) granted as to Plaintiff's individual capacity deliberate indifference claim under the Fourteenth Amendment and (2) granted without prejudice as to Plaintiff's official capacity claim;[5] and

3. The CCS Defendant's motion to dismiss be (1) granted as to the claim of deliberate indifference under the Fourteenth Amendment against Defendant Holmes; (2) be granted without prejudice as to the claim of medical negligence

---

[3] Plaintiff stated in the motion to explain that he had new information about the policies at MDF that he did not have prior to filing the first two versions of his Complaint regarding his lack of medical treatment. (ECF No. 186, p. 2). Plaintiff also noted that he discovered other cases in Colorado pertaining to CCS's policies and practices regarding inadequate medical care or undue delay in providing medication. (*Id.*). Plaintiff asked that the Court accept his Third Amended Complaint as it was originally filed on January 6, 2022 (ECF No. 182).

[4] In the Third Amended Complaint (which was denied without prejudice by Magistrate Judge Tafoya) Plaintiff alleges that he contacted his attorney for an unrelated case pending in Colorado state court and was able to get a bond reduction so that he could seek private medical care. Plaintiff alleges that he had an MRI and was told by an orthopedic group that he needed to have surgery, but could not until his T-cell count increased. (ECF No. 182, p. 4). Plaintiff claimed that he was entitled to medical care under the United States Constitution, but Plaintiff again did not identify any specific legal claims under the Eighth and Fourteenth Amendments via 42 U.S.C. § 1983 or claims of medical negligence against Defendants. (*See, e.g., id.*, p. 6).

[5] It appears that the Magistrate Judge recommended that some claims should be dismissed without prejudice and some are undefined.

> against Defendant Holmes; (3) be granted on the claims of negligence and deliberate indifference under the Fourteenth Amendment regarding his hip condition against Defendant McLaughlin; (4) be granted without prejudice regarding the municipal liability claim under § 1983; (5) be denied on the claims of negligence and deliberate indifference under the Fourteenth Amendment for claims related to HIV medication against Defendant McLaughlin; and (6) be denied as to the claim of vicarious liability against CCS.

(ECF No. 230, pp. 50-51). Ultimately, it appears to this Court that the Recommendation would leave as active claims in the case: (1) negligence and deliberate indifference under the Fourteenth Amendment regarding Plaintiff's alleged lack of HIV medication against Defendant McLaughlin and (2) vicarious liability for Defendant CCS, presumably under 42 U.S.C. § 1983.[6]

Plaintiff and the CCS Defendants timely filed separate Objections to the Recommendation. First, Plaintiff argues that he properly alleged (1) a claim against Defendant Lewis because he failed to train subordinates and that there was a policy in place that caused a constitutional violation; (2) a claim against Defendant Holmes (and Defendant McLaughlin indirectly) for the denial of medical care (i.e., a referral to an orthopedic surgeon and/or injection to alleviate pain) for his hip pain based on a MDF policy for denying care for pre-existing conditions and, separately, he was unaware that he needed to file a certificate of review for a claim of medical negligence; and (3) a claim against Defendant CCS due to the lack of HIV medication for approximately five months. (ECF No. 207). Defendant Lewis responded to Plaintiff's objection arguing that (1) Plaintiff's claims are medical malpractice claims, not claims arising under 42 U.S.C. § 1983; (2) Plaintiff did not establish that Defendant Lewis had personally participated to subject him to

---

[6] Plaintiff did not label any of his claims in his Second Amended Complaint or motion to explain, but it appears that the Magistrate Judge gleaned these claims in Plaintiff's proposed Third Amended Complaint, despite not allowing an amendment. (ECF Nos. 182; 203, p. 22).

individual liability; and (3) Plaintiff failed to identify an applicable policy or constitutional violation to impose a *Monell* claim upon Defendant Lewis in his official capacity. (ECF No. 210).

Second, the CCS Defendants object arguing that Plaintiff never articulated claims under 42 U.S.C § 1983 for deliberate indifference to Plaintiff's medical issues in violation of the Eighth and Fourteenth Amendment or for medical negligence under Colorado law, and therefore the Magistrate Judge should have dismissed the Amended Complaint with prejudice in its entirety. (ECF No. 213, p. 2). Specifically, the CCS Defendants argue that (1) Plaintiff's claim of deliberate indifference and negligence against Defendant Holmes and Mclaughlin and for municipal liability must be dismissed with prejudice because the statute of limitations has expired on each of these claims and Plaintiff failed to file a certificate of review on the negligence claims against Defendants Holmes and McLaughlin;[7] (2) Plaintiff failed to allege a violation of the Fourteenth Amendment via 42 U.S.C. §1983 against Defendant McLaughlin for lack of HIV medication; (3) Plaintiff failed to state a medical negligence claim against Defendant McLaughlin; and (4) CCS cannot be vicariously liable for a non-negligent employee. (ECF No. 213).

## II.  STANDARD OF REVIEW AND LEGAL STANDARDS

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th*

---

[7] Under Colorado Revised Statute § 13-20-602(1)(a), "[i]n every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each . . . licensed professional named as a party, as specified in subsection (3) of this section, within sixty days after the service of the complaint, counterclaim, or cross claim against such person unless the court determines that a longer period is necessary for good cause shown."

6

*St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id*. at 1059.  In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

The deadline to amend the pleadings was May 13, 2021.  (ECF No. 113).[8]  Courts apply a two-step analysis to determine whether a party may amend their pleading after the deadline to amend has passed.  First, the moving party must demonstrate good cause under Federal Rule of Civil Procedure 16(b).  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014).  Under Rule 16(b)'s good cause standard, the movant must show that "scheduling deadlines cannot be met despite [the movant's] diligent efforts."  *Id.* at 1240 (citation omitted).  For example, good cause may be found if a movant "learns new information through discovery or if the underlying law has changed."  *Id*. (citation omitted).  But if the movant knew of the underlying conduct and simply failed to raise a claim, amendment is barred.  *Id.*; *see also Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).  Second, courts weigh whether the amendment should be allowed under Federal Rule of Civil Procedure 15(a).  *Gorsuch, Ltd., B.C.*, 771 F.3d at 1242.  Rule 15(a)(2) directs the court to "freely give leave when justice so requires."  At both steps of this inquiry, whether to allow or deny a proposed amendment lies within the discretion of the district court.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Vazirabadi v. Denver Pub. Schs.*, 820 F. App'x. 805, 809 (10th Cir. 2020).

---

[8] The Court notes that discovery has been stayed since August 2021 when Magistrate Judge Tafoya ordered that the stay must remain in place until after a review of Defendants' answers or responsive pleadings.  (ECF No. 157).

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). In considering whether an amendment is futile, courts apply the same standard used to evaluate a claim under Rule 12(b)(6). *Cousik v. City & Cnty. of Denver, Colorado*, No. 22-CV-01213-NYW-SKC, 2022 WL 16713088, at *3 (D. Colo. Nov. 4, 2022); *see also Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim, a question this court reviews de novo.").

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, the complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed; however, a complaint may be dismissed because it asserts a legal theory not cognizable as a matter of law. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). A claim is not plausible on its face "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent," and the plaintiff has failed to "nudge[ the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual

proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

### III. ANALYSIS

The Magistrate Judge noted in the Recommendation:

> In reviewing the Proposed Third Amended Complaint, the Court has identified three claims affected by Plaintiff's desired amendments: the deliberate indifference claim against Defendant Lewis in his individual capacity, the deliberate indifference claim against him in his official capacity, and the municipal liability claim against Defendant CCS. Accordingly, the Court will consider the proposed amendments for futility in turn.

(ECF No. 203, p. 22). The Magistrate Judge concluded that Plaintiff's motion was not unduly delayed and did not cause Defendants undue prejudice to rise to the level of requiring a denial of the motion to amend. (ECF No. 203, pp. 19-21). The Magistrate Judge, however, recommended that the motion to amend be denied because the claims would ultimately be subject to dismissal and, therefore, the amendment would be futile. (*Id.*, pp. 21-22). The Magistrate Judge generally recommended that the CCS Defendants' motion to dismiss be granted without prejudice, and that Plaintiff should gather specific facts that establish his claims and refile his Complaint. (*See e.g., id.*, pp. 29, 34).

Conversely, the Magistrate Judge determined that Plaintiff's claims regarding his lack of HIV medication for five months stated a claim that survived Rule 12(b)(6) scrutiny. This claim was derived from the Magistrate Judge's reading of Plaintiff's proposed Third Amended Complaint. Here, by the Magistrate Judge's own analysis, allowing Plaintiff to file a Third Amended Complaint would not be futile, yet the Magistrate Judge recommended denying the amendment. Plaintiff specifically objected to this ruling, noting that he believed that he had raised

9

valid claims regarding his necessary prescription HIV medication in his proposed Third Amended Complaint. This Court agrees. (ECF No. 207, pp. 7-8).

The Court is cognizant that the Magistrate Judge was attempting to analyze a pro se party's claims that were inherently difficult to discern. The Magistrate Judge thoughtfully reviewed Plaintiff's pro se efforts to amend and took great care in identifying potential claims. However, the Court is obligated to ensure that Plaintiff is given the opportunity to amend his Complaint in order to raise his plausible legal claims. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While the district court cannot assume the role of advocate for a pro se litigant, if a plaintiff's complaint contains factual allegations that are close to stating a claim, the court should allow him to amend. *Id*.

The Court finds that Plaintiff has alleged facts, albeit crudely, that demonstrate he may have claims of negligence and deliberate indifference under the Fourteenth Amendment regarding his alleged lack of HIV medication against Defendant McLaughlin and has alleged facts that Defendant CCS is vicariously liable for this conduct. *See Lucas v. Turn Key Health Clinics, LLC*, No. 22-5002, --- F.4th ----, 2023 WL 327846, at *8 (10th Cir. Jan. 20, 2023) (finding that the plaintiff had plausibly alleged deliberate indifference by the physician based on a failure to treat and gatekeeper theory). Accordingly, the Court finds that Plaintiff has articulated that he has claims that may survive Rule 12(b)(6) scrutiny, are not futile, and in this Court's discretion, the

motion to explain should be granted.[9]  Moreover, because the motion to explain should be granted, the Court finds the CCS Defendants' Objection is moot and is overruled.

## IV.  CONCLUSION

Accordingly, the Court SUSTAINS Plaintiff's Objection (ECF No. 207), OVERRULES the CCS Defendants' Objection (ECF No. 213), REJECTS the Recommendation (ECF No. 203), GRANTS Plaintiff's motion to explain (ECF No. 186) (and therefore allows Plaintiff the ability to file an Amended Complaint), and DENIES AS MOOT Defendants' motions to dismiss (ECF Nos. 160, 161).

It is FURTHER ORDERED that Plaintiff has until April 4, 2023, to file a Third Amended Complaint that contains both factual allegations and specific legal claims.

DATED this 3rd day of February 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[9] The Court, in a separate order, will refer this case to the Civil Pro Bono Program as the Court determines that this case merits appointment of counsel.  The Court cautions Plaintiff that there is no guarantee that an attorney will undertake to represent Plaintiff in this case, and Plaintiff will still remain responsible for meeting all deadlines in accordance with this Order.  If Plaintiff elects to raise a claim of medical negligence, he would need to file a certificate of review.  Specifically, Plaintiff needs to obtain a certificate of review that shows (1) he consulted an expert; (2) the expert reviewed the relevant information and concluded that the plaintiff's negligence claim does not lack substantial justification; and (3) the expert is competent and qualified to offer an opinion.  *RMB Servs., Inc. v. Truhlar*, 151 P.3d 673, 675 (Colo. App. 2006).